# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| CARLOS INCLAN, JR. | ) | Case Number: 2:15-CR-00057-RFB |
| | ) | USM Number: 50158-048 |
| | ) | Rebecca Levy, AFPD |

**Date of Original Judgment:** 1/14/2019
*(Or Date of Last Amended Judgment)*

Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)
  to add SEALED Restitution Order.

**THE DEFENDANT:**
☒ pleaded guilty to count(s)  Two of the Indictment filed 2/25/2015.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and (b) | Possession of Child Pornography | 1/4/2016 | 1 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s)  All Remaining  ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

*12/20/2018
Date of Imposition of Judgment

/s/ (signature)
Signature of Judge

RICHARD F. BOULWARE, II        U.S. District Judge
Name and Title of Judge

2/20/2019
Date

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Fifty (50) months incarceration.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court makes the recommendation to the Bureau of Prisons that the defendant be permitted to serve his term of incarceration at the facility in Englewood, Colorado. Further, that the defendant be allowed to participate in the RDAP program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
             Sheet 3 — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  3  of  8

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : Twenty (20) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.~~
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
         Sheet 3D — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 8

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

## SPECIAL CONDITIONS OF SUPERVISION

1. **Substance Abuse Treatment** - You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

2. **Drug Testing** - You must submit to the maximum substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year for the first two years of supervision. You must pay the costs of the testing. You must not attempt to obstruct or tamper with the testing methods. Drug testing may be reduced if you complete a vocational program/certification and obtain employment.

3. **No Alcohol** - You must not drink alcohol excessively.

4. **Place Restriction** - Children Under 18 - You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

5. **No Pornography - Treatment** - You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

6. **Sex Offender Treatment** - You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. No testing involving polygraphs or plethysmographs. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

7. **Computer Search - Monitoring Software** - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers, smart phones, (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation, and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

8. **Computer Access Restriction** - You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, (if required by employment, would need approval) for the first year of supervision.

9. **Search and Seizure** - You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have d that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

10. **Community Service/Employment/Education** - You must complete 10,000 hours of Community Service or be employed full time, enrolled in an educational program for a combination of 35 hours per week - to be credited against total hours to be completed while on supervision. You must provide your schedule one week in advance to the probation officer. The probation officer will supervise the participation in the community service program by approving the program (agency, frequency or participation, etc.). You must provide written notification of completed community service hours to the probation officer. If you complete a vocational program/certification and obtain employment, your community service hours shall be reduced.

**Continued** -

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# SPECIAL CONDITIONS OF SUPERVISION

11. **G.P.S. Monitoring** - You will be monitored by the form of G.P.S. location monitoring technology for a period of the first two years, 24 months of supervision, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program. G.P.S. monitoring may be reduced if you complete a vocational program/certification and obtain employment.

12. **Mental Health Treatment** - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

13. **Status Conference** - You must attend a status conference before this Court to review conditions of supervision and future plans within 30 days of release from BOP custody. .

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
  Sheet 5 — Criminal Monetary Penalties   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 8

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|-----------|------------------|------|-------------|
| TOTALS | $ 100.00  | $ 0.00           | $ 0.00 | $ 6,000.00 |

☐ The determination of restitution is deferred until            . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| See SEALED Restitution List |  | 6,000.00 |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 6,000.00 |  |

☑ Restitution amount ordered pursuant to plea agreement  $ 6,000.00

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARLOS INCLAN, JR.
CASE NUMBER: 2:15-CR-00057-RFB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ $6,100.00 due immediately, balance due.

    ☐ not later than _____, or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
Any upaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income earned during incarceration and/or income earned while on supervision, subject to adjustment by the Court based upon the ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See Forfeiture list attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

```
                                    ___FILED      ___RECEIVED
                                    ___ENTERED    ___SERVED ON
                                              COUNSEL/PARTIES OF RECORD

                                           DEC 20 2018

                                         CLERK US DISTRICT COURT
                                         DISTRICT OF NEVADA
                                    BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-057-RFB |
| Plaintiff, | |
| v. | **Final Order of Forfeiture** |
| CARLOS INCLAN, JR., | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and 18 U.S.C. § 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by Carlos Inclan, Jr., to the criminal offense, forfeiting the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which Carlos Inclan, Jr., pled guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 77; Plea Agreement, ECF No. 167; Change of Plea, ECF No. 168; Preliminary Order of Forfeiture, ECF No. 169.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 30, 2018, through October 29, 2018, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 170.

1	This Court finds no petition was filed herein by or on behalf of any person or entity
2	and the time for filing such petitions and claims has expired.
3	This Court finds no petitions are pending with regard to the property named herein
4	and the time for presenting such petitions has expired.
5	THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
6	all possessory rights, ownership rights, and all rights, titles, and interests in the property
7	hereinafter described are condemned, forfeited, and vested in the United States of America
8	pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. §
9	2253(a)(1) and 2253(a)(3); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to
10	law:
11	1.	A Dell desktop computer, serial no. 6L6CX01;
12	2.	A Dell XPS laptop computer, serial no. 94CPQ41;
13	3.	A Seagate 160 GB hard drive, serial no. 5PT11E55;
14	4.	A Hitachi 61.4 GB hard drive, serial no. G2RTPUEH;
15	5.	13 CDs/DVDs containing evidence of child pornography;
16	6.	A Hitachi 60 GB hard drive, serial no. 9C515AE20872; and
17	7.	An ASUS desktop computer, no serial number, in a silver/gray Lian Li brand
18	PC case
19	(all of which constitutes property).
20	IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all
21	forfeited funds, including but not limited to, currency, currency equivalents, certificates of
22	deposit, as well as any income derived as a result of the United States of America's
23	management of any property forfeited herein, and the proceeds from the sale of any
24	forfeited property shall be disposed of according to law.
25	/ / /
26	/ / /
27	/ / /
28	/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 20th day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE